IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DREW C. DECKARD, | ) | 4:11CV3072 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Drew C. Deckard's ("Deckard") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 11), Brief on the merits of the Petition (filing no. 12), and relevant State Court Records (filing no. 10). Despite having four months in which to do so, Deckard did not file a response to the Answer or Brief on the merits of the Petition. (*See* Docket Sheet.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Deckard's Petition, he asserts the following claims:

Claim One: Deckard was interrogated in violation of his Fifth, Sixth, and Fourteenth Amendment rights because during the interrogation he offered inculpatory statements while struggling to maintain consciousness due to extreme intoxication ("Claim One").

Claim Two: Deckard was denied due process of law in violation of the Fourteenth Amendment because a victim of a crime Deckard was not charged with was allowed to testify at his sentencing ("Claim Two").

Claim Three: Deckard was denied the effective assistance of counsel in

        violation of the Sixth Amendment because his trial counsel (a) failed to advise him to proceed on his motion to suppress; (b) failed to actively advise Deckard in his plea negotiations and hearing; (c) had a conflict of interest based on his relationship with Deckard's co-defendant's attorney; and (d) failed to object to the victim's statement made at sentencing ("Claim Three").

Claim Four:  Deckard was denied the effective assistance of counsel in violation of the Sixth Amendment because his appellate counsel failed to advise Deckard that he needed to present Claims One through Three, as set forth above, on direct appeal ("Claim Four").

(Filing No. 1, together, the "Habeas Claims.")

## BACKGROUND

### I. *Deckard's Conviction and Direct Appeal*

On October 27, 2008, Deckard pled no contest to three counts of theft by receiving stolen items, three counts of burglary, one count of criminal conspiracy, one count of discharging a firearm at an occupied building, and one count of using a weapon to commit a felony. (Filing No. 10-11, Attach. 11, at CM/ECF pp. 12, 37.) The Douglas County, Nebraska District Court thereafter sentenced Deckard to serve a total prison term of 20-38 years for these convictions. (*Id.* at CM/ECF pp. 14, 39.) Deckard filed a timely direct appeal arguing only that his sentences were excessive. (Filing No. 10-5, Attach. 5, at CM/ECF pp. 1-15.) Deckard's direct appeal counsel was different than his trial counsel. (Filing No. 10-12, Attach. 12, at CM/ECF p. 8.) The Nebraska Court of Appeals summarily affirmed the convictions and sentences on June 10, 2009. (Filing No. 10-3, Attach. 3, at CM/ECF p. 2.) Deckard did not file a

petition for further review with the Nebraska Supreme Court. (*Id.*)

## II. *Deckard's Post Conviction Motion and Appeal*

On November 13, 2009, Deckard filed a verified motion for postconviction relief in the Douglas County District Court (the "Post Conviction Motion"). (Filing No. 10-12, Attach. 12, at CM/ECF pp. 14-53.) Liberally construed, the Post Conviction Motion set forth all four Habeas Claims. (*Id.*) The Douglas County District Court declined to hold an evidentiary hearing and issued an order denying relief on all claims asserted in the Post Conviction Motion. (*Id.* at CM/ECF pp. 64-72.) Deckard filed a timely appeal of the denial of post conviction relief. On appeal, Deckard assigned several errors, encompassing all four Habeas Claims. (Filing No. 10-7, Attach. 7, at CM/ECF pp. 1-47.)

On December 20, 2010, the Nebraska Court of Appeals affirmed the Douglas County District Court's denial of post conviction relief, issuing a detailed and lengthy opinion. (Filing No. 10-2, Attach. 2, at CM/ECF p. 1.) Deckard filed a petition for further review with the Nebraska Supreme Court, which again denied relief to Deckard on March 23, 2011. (Filing No. 10-4, Attach. 4, at CM/ECF p. 2.) Details of the Nebraska Court of Appeals opinion are set forth where necessary in the court's analysis below. On May 9, 2011, Deckard timely filed his Petition in this court. (Filing No. 1.)

### *ANALYSIS*

## I. Claim Four

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts

3

and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

Put simply, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been

4

'adjudicated on the merits' in state court.").

The Eighth Circuit has clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* Similarly, the Supreme Court has held:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

    **B.**    **The *Strickland* Standard**

The Nebraska Court of Appeals adjudicated only Claim Four on the merits, which relates to the ineffective assistance of Deckard's appellate counsel. Claims of

5

ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

The Supreme Court has further stressed the importance of deference to state court opinions in cases where the petitioner accepted a plea:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges. A trial provides the full written record and factual background that serve to limit and clarify some of the choices counsel made. Still, hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed. . . . Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . [t]he added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. The plea process brings to the criminal justice system a stability and a

7

certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 745-46 (2011) (citations omitted).

### C. Deckard's Claim Four

#### 1. State Court Findings

For his Claim Four, Deckard argues that his appellate counsel was ineffective for failing to raise Claims One through Three on direct appeal. (Filing No. 1.) Deckard raised Claim Four in his Post Conviction Motion and appeal, and the Nebraska Court of Appeals considered and rejected Claim Four in its entirety.

Regarding Claim Four, the Nebraska Court of Appeals determined that, although Claims One through Three were procedurally defaulted, the court must nevertheless "analyze the merits of the various claims" because "if the [underlying] claims lacked merit, then there was no prejudice to Deckard." (Filing No. 10-2, Attach. 2, at CM/ECF p. 11.) The Nebraska Court of Appeals therefore applied *Strickland* and other federal and Nebraska precedent and determined that all of the claims underlying Deckard's Claim Four lacked merit. As such, the claim that Deckard's appellate counsel's failed to raise the non-meritorious claims also lacked merit. (*Id.*)

In particular, as to Claim One, that the police violated Deckard's constitutional rights by interrogating him while he was intoxicated, the Nebraska Court of Appeals determined:

Deckard's ineffectiveness claims regarding the inadmissibility of his post-arrest incriminating statements had trial counsel advised him to

8

>proceed with the suppression hearing rather than take the plea bargain are all waived by virtue of his no contest pleas entered via the plea bargain. The trial judge at the time of the plea did a very complete job of explaining the standards for admissibility of his statements including the State's burden to prove that they were given freely and voluntary. The trial court explained that by his pleas he would be giving up the right to challenge the admission and voluntariness of his statements. And as stated in *Scholl, supra*, the applicable law is that Deckard is bound by his acknowledgment that by pleading he is giving up his right to seek suppression of his incriminating statements. That being the case, it naturally follows that appellate counsel was not ineffective in failing to assert on direct appeal that his trial counsel was ineffective concerning continuing with the attempt to suppress the incriminating statements–because that claim would have been meritless, given that waiving such right was part and parcel of the plea bargain that Deckard said in open court that he was freely and voluntarily entering into. Thus, asserting this claim on direct appeal would not have changed that outcome.

(*Id.* at CM/ECF pp. 13-14.)

The Nebraska Court of Appeals likewise rejected Claim Two, finding that, although the trial court permitted the crime victim to testify, that victim "did not give an opinion about the sentence that should be imposed, nor did the trial judge give any indication that the sentence imposed resulted from [the victim's] comments rather than from the trial court's discretion inherent in the sentencing process." As such, "trial counsel was not ineffective in failing to object to [the victim's] statements at sentencing, and it therefore follows that appellate counsel was not ineffective in failing to advance this claim on direct appeal given that such a claim would not have changed the result on direct appeal." (*Id.* at CM/ECF pp. 14-15.)

Regarding the claim that Deckard's trial counsel did not participate in his plea hearing, the Nebraska Court of Appeals rejected Deckard's claims that his plea was not knowing and voluntary, instead finding that "even if appellate counsel had raised

9

this dubious claim on direct appeal it would have been rejected out of hand as we are hardly going to negate the entire plea-taking process by giving credence to post-plea recantations that are totally at odds with the record–as is the case with Deckard's claim. Thus, appellate counsel was not ineffective for failing to raise this claim on direct appeal." (*Id.* at CM/ECF pp. 15-16.) Further, the Nebraska Court of Appeals considered Deckard's claims regarding his trial counsel's conflict of interest and determined that such claims were nothing more than an "insufficient conclusionary allegation" and that "appellate counsel was not ineffective in failing to raise the fact of trial counsel's office sharing arrangement." (*Id.* at CM/ECF p. 17.)

The Nebraska Court of Appeals carefully reviewed Deckard's claims and the entire record. In doing so, that court recounted the extensive physical evidence supporting Deckard's conviction, Deckard's own statement of facts set forth during the appeal in which he admitted to "multiple crimes with which he was charged," and the fact that Deckard "escape[d] 12 of 21 charges stemming from [his] crime spree" through his favorable plea negotiations. (*Id.* at CM/ECF pp. 18-19.) In light of this, the Nebraska Court of Appeals determined that "[w]ith such evidence, even if there were allegations that could be considered as presenting issues of deficient performance, the files and records of these prosecutions show a complete lack of prejudice." (*Id.* at CM/ECF p. 19.) Thus, the Nebraska Court of Appeals affirmed the denial of post-conviction relief. The Nebraska Supreme Court also denied relief to Deckard in rejecting his petition for further review. (Filing No. 10-4, Attach. 4, at CM/ECF pp. 2.)

    *2.    Deference*

Respondent argues that the foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court

decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Deckard has not submitted any evidence, let alone clear and convincing evidence, that the Douglas County District Court or the Nebraska Court of Appeals were incorrect regarding any factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted based on Deckard's Claim Four because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Deckard's Claim Four is dismissed.

## II.    *Claims One through Three*

### A.    **Standards for Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

 (A)   the applicant has exhausted the remedies available in the courts of the State; or

 (B)   (I)   there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those

11

> claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state

procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

### B. Deckard's Claims One through Three

As set forth above, Deckard pursued a direct appeal and raised only one issue, that his sentence was excessive. (Filing No. 10-5, Attach. 5, at CM/ECF pp. 1-15.) Stated another way, Deckard did not raise Claims One through Three on direct appeal. However, Deckard raised these claims in his Post Conviction Motion and appeal, but the Douglas County District Court rejected them. In denying Deckard relief on these claims, the Douglas County District Court specifically determined that Claims One through Three could and should have been brought on direct appeal, but were not. (Filing No. 10-12, Attach. 12, at CM/ECF p. 65.) As such, the claims were procedurally barred. (*Id.*)

The Nebraska Court of Appeals and the Nebraska Supreme Court affirmed the Douglas County District Court's denial of relief. (Filing No. 10-2, Attach. 2, at

CM/ECF p. 1; Filing No. 10-4, Attach. 4, at CM/ECF p. 2.)[1] In light of the Nebraska state courts' "plain statement[s]" that they were rejecting Deckard's federal claims on independent and adequate state procedural grounds, this court is barred from addressing the merits of Claims One through Three. *Shaddy*, 890 F.2d at 1018. Stated another way, Claims One, Two, and Three are procedurally defaulted and the court cannot reach the merits of these claims unless Deckard demonstrates cause and prejudice excusing the default.

### C. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed the record in this matter. Deckard has not filed a response to the Answer and therefore makes no argument excusing his procedural default. (*See* Docket Sheet.) Because Deckard has not shown cause and

---

[1] As set forth above, the Nebraska Court of Appeals analyzed portions of the merits of Claims One through Three in its rejection of Claim Four. However, this analysis recognized that these Claims were procedurally defaulted. Indeed, the Nebraska Court of Appeals analyzed the merits of the claims only as part of its analysis of the only properly-raised claim, Claim Four. (Filing No. 10-2, Attach. 2, at CM/ECF pp. 3-20.)

prejudice, Claims One through Three are dismissed as procedurally defaulted.

IT IS THEREFORE ORDERED that:

1. Petitioner Drew C. Deckard's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 19th day of January, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.